**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

DALE TAUER d/b/a NORTH FORTY FOWL,

Plaintiff,

Civil No. 00-1383 ADM/AJB

v.

**ORDER**

SECURA INSURANCE,

Defendant and
Third-party Plaintiff,

v.

ROBERT VOLBRECHT and
COMMERCIAL ASSOCIATES, INC.,

Third-party Defendants.

The above matter came before the Court on Plaintiff's Motion to Compel Discovery. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Compel Discovery is **granted in part, denied in part, and dismissed in part** [Docket No. 17];

2. Of the documents submitted for *in camera* review, Defendant shall produce, in their entirety, those numbered 1, 2, 3, 6, 8, 10, 12, 13, & 13A;

3. Of the documents submitted for *in camera* review, Defendant shall produce redacted versions of those numbered 7 (delete paragraph three of Brenda Strom's e-mail message), 9 (delete preliminary message from Brenda Strom), 11 (delete

MAR 28 2001

paragraph two), 12A (delete last 2 sentences of paragraph one (beginning after "Good.")), 17 (delete page one and everything above "Recapitulation" on page two) and 18 (delete paragraph two);

4. Of the documents submitted for *in camera* review, Defendant need not produce those numbered 14, 15 & 16;

5. To the extent that it requests production of the two e-mail messages between Brenda Strom and Steve Klein dated 9/29/98, Plaintiff's motion presents no controversy and is therefore dismissed without prejudice.

Dated: 3/27/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff secured an insurance policy from Defendant, which covered, *inter alia*, two poultry barns that were destroyed by two separate fires. Defendant denied Plaintiff's insurance claims relating to both fires and Plaintiff filed suit. Plaintiff's discovery requests included requests for documents and correspondence relating to the insurance policy, the claim, or the subject matter of the suit. Defendant declined to produce several documents–which are the subject of this motion–arguing that they were prepared in anticipation of litigation and thus constitute privileged work product.

In support of its position, Defendant points out that it anticipated litigation within a few days of the first fire. It follows, the argument appears to go, that the withheld documents are privileged work product. However, an insurance claim presumably always arrives with the

potential for litigation. Although the withheld documents may have been prepared while their authors were aware that litigation was possible or even likely, it does not necessarily mean that the documents are work product. Mission Nat'l Ins. Co. v. Lilly, 112 F.R.D. 160, 163 (D. Minn. 1986) (citations omitted) ("The inchoate possibility, or even the likely chance of litigation, does not give rise to the privilege."). Instead, the issue is "whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Simon v. G.D. Searle & Co., 816 F.2d 397, 401 (quoting 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2024 (1st ed. 1970). Here, with respect to the material which the Court has ordered produced, it does not appear to have been prepared *because of* the prospect of litigation.

With respect to the material which the Court has ordered deleted, it possesses dual characteristics because, although it may be a product of the claim assessment process (which is part of the regular course of business for insurance companies), it can be fairly said to have been drafted with an eye towards the prospect of litigation. In addition, it reflects "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of" Defendant. Thus, this material "enjoys a very nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *In re* Chrysler Motors Corp. Overnight Evaluation Program Litigation, 860 F.2d 844, 846 (8th Cir. 1988) (citations omitted). Plaintiff has not shown that this is one of those extraordinary circumstances.

As a final note, it has been represented that the two e-mail messages between Brenda Strom and Steve Klein dated 9/29/98 have been produced. Therefore, to the extent that it seeks those documents, the motion presents no controversy and is therefore dismissed as moot.

AJB