UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DALE TAUER d/b/a North Forty Fowl,

Plaintiff,

v.

SECURA INSURANCE,

Defendant and
Third-party Plaintiff,

v.

ROBERT VOLBRECHT and
COMMERCIAL ASSOCIATES, INC.,

Third-party Defendants.

Civil No. 00-1383 ADM/AJB

NOTICE OF FINAL
SETTLEMENT CONFERENCE

---

The above-referenced case is assigned to Judge Ann D. Montgomery for trial. A settlement conference will be held on **July 2, 2001, at 9:00 a.m.**, in Room 638 Federal Courts Building, 316 North Robert Street, St. Paul, Minnesota, before the undersigned United States Magistrate Judge.

Counsel who will actually try the case and each party, armed with full settlement discretion, shall be present. If individuals are parties to this case, they shall be present. If a corporation or other collective entity is a party, a duly authorized officer or managing agent of that party shall be present. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the conference. If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied. If an insurance company is involved, the responsible agent must be present.

FILED MAY 17 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

In order to encourage the parties to address the issue of settlement on their own, counsel must meet in person with one another at least ten (10) days prior to the date of the settlement conference, to engage in a full and frank discussion of settlement. If the case does not settle, each attorney shall submit to the undersigned at least one week before the date of the settlement conference a confidential letter setting forth the parties' respective settlement positions before the meeting, their respective positions following the meeting and a reasoned, itemized analysis justifying their client's last stated settlement position. Failure of any lawyer to submit this letter will result in the settlement conference being rescheduled and the imposition of an appropriate sanction on the attorney whose failure caused the conference to be postponed. Additional sanctions may be imposed for failure to comply with any of the other foregoing instructions.

Dated: 5/17/01

ARTHUR J. BOYLAN
United States Magistrate Judge