**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Dale Tauer, d/b/a North Forty Fowl,

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1383 ADM/AJB

Secura Insurance,

Defendant &
Third-Party Plaintiff,

v.

Robert Vollbrecht and
Commercial Associates, Inc.,

Third-Party Defendants.

---

Julius W. Gernes, Esq., Spence, Ricke, Sweeney & Gernes, P.A., appeared for and on behalf of the Defendant & Third-Party Plaintiff, Secura Insurance.

James Redman, Esq., Bassford, Lockhart, Truesdell & Briggs, P.A., appeared for and on behalf of the Third-Party Defendant, Robert Vollbrecht.

---

## I. INTRODUCTION

On October 11, 2001, the undersigned United States District Judge heard post-trial motions by Defendant & Third-Party Plaintiff Secura Insurance ("Secura") and Third-Party Defendant Robert Vollbrecht ("Vollbrecht"). Vollbrecht presented his Motion for Judgment as a Matter of Law and Motion for New Trial [Doc. No. 76]. Secura argued its Motion to Alter Judgment [Doc. No. 79]. For the reasons set forth below, Vollbrecht's Motions are denied and Secura's Motion is denied.

FILED 11-26-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD____
DEPUTY CLERK____

## II. BACKGROUND

On July 23, 2001, a jury trial resulted in a special verdict in favor of Plaintiff Dale Tauer against Secura regarding his breach of contract claim, and in favor of Secura against Vollbrecht regarding its third-party negligence claim [Doc. No. 72]. The issue of damages was not presented to the jury.[1] Prior to submitting the liability claims to the jury, the parties entered into an agreement limiting the maximum amount of damages recoverable on both claims. *See* Gernes Aff., Ex. 1 (handwritten high-low agreement).

Under the high-low agreement, the parties consented to abide by the jury's verdict on liability, but to limit damages recoverable in consideration for the guarantee of a minimum recovery. *Id.* The parties agreed to limit the amount of damages recoverable by Dale Tauer on his breach of contract claim to $150,000. *Id.* The parties further agreed to limit the amount of damages recoverable by Secura on its negligence claim to $216,000. *Id.* The high-low agreement did not explicitly preserve the right to pursue dispositive post-trial motions and appeals.

Judgment was entered according to the parties' agreement. *See Tauer v. Secura Ins.*, No. 00-1383, Order (D. Minn. Aug. 24, 2001); [Doc. No. 75]. Secura was ordered to remit to Dale Tauer $150,000. *Id.* Vollbrecht was ordered to remit to Secura $216,000. *Id.*

Vollbrecht subsequently brought his Motion for Judgment as a Matter of Law and Motion for New Trial, arguing that the Agency Agreement between Commercial Associates, Inc., and

---

[1] The parties stipulated that if the verdict was in favor of Dale Tauer on his breach of contract claim, the damages would be $166,645; and if the verdict was in favor of Secura on its negligence claim, the damages would be $480,000. *See Tauer v. Secura Ins.*, No. 00-1383, Order (D. Minn. Aug. 24, 2001); [Doc. No. 75].

Secura does not provide indemnity rights for Secura. Secura responded with its Motion to Alter Judgment, asserting that Vollbrecht's post-trial motions constitute a repudiation of the high-low agreement, thereby entitling Secura to recover its full amount of damages, $480,000.

## III. DISCUSSION

At the close of Secura's case, Vollbrecht moved for judgment as a matter of law. *See* Fed. R. Civ. P. 50(a)(2) ("[m]otions for judgment as a matter of law may be made at any time before submission of the case to the jury"). The Court deferred ruling to provide Secura an opportunity to respond and to allow the entire case to be submitted to the jury. When a "court does not grant a motion for judgment as a matter of law made at the close of all the evidence, the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b); *see also Peerless Corp. v. United States*, 185 F.3d 922, 926 (8th Cir. 1999). Now Vollbrecht renews his motion for judgment as a matter of law. *See* Fed. R. Civ. P. 50(b) ("movant may renew its request for judgment as a matter of law [and] may alternatively request a new trial").

Under these circumstances, Vollbrecht's post-trial motions do not constitute a material repudiation of the high-low agreement. At trial, the Court deferred ruling on his motion for judgment as a matter of law due to the time considerations involved with submitting the entire case to the jury and providing the parties an opportunity to fully brief the issues. Hence, Secura's Motion to Alter Judgment is denied.

Vollbrecht's motions must be denied because one of the fundamental purposes of high-

low agreements is to dispense with post-trial motions and appeals.[2] High-low agreements are regarded as partial settlements in which the plaintiff and the defendant agree to abide by the jury's verdict on liability. Regardless of a higher or lower jury verdict on damages, Plaintiff agrees to collect no more than a maximum amount and defendant agrees to pay no less than a minimum amount.[3] Accordingly, each party insures the other against an extreme jury verdict.

The high-low agreement thereby reduces the risks of trial to a range of numbers acceptable to both parties. It is a partial settlement. Courts may enforce high-low agreements like any other settlement agreement. By negotiating a high-low agreement, parties intend to have the case quickly resolved by a jury verdict and eliminate further litigation and expenses. *See, e.g., Smith v. Settle*, 492 S.E.2d 427, 429 (Va. 1997) (refusing to read into a high-low agreement any right to seek post-trial relief). Unless such a right is explicitly reserved, the parties' high-low agreement should not be re-written to impose a right to post-trial or appellate relief that is neither stated nor implied therein. *See id.* Because continued litigation is contrary to the purposes underlying a negotiated high-low agreement, Vollbrecht's motions are denied.

---

[2] *See* Robert Coulson, *Negotiating Control Contracts: Trial Counsel Reduce Their Need for Appeals*, 52 Judicature 190, 193 (1968); *see also* Samuel R. Gross & Kent D. Syverud, *Don't Try: Civil Jury Verdicts in a System Geared to Settlement*, 44 UCLA L. Rev. 1, 61 (1996); Marc Galanter & Mia Cahill, *Most Cases Settle: Judicial Promotion and Regulation of Settlements*, 46 Stan. L. Rev. 1339, 1370 (1994); Neil Vidmar & Jeffrey Rice, *Symposium: Jury-Determined Settlements and Summary Jury Trials*, 19 Fla. St. U. L. Rev. 89 (1991); John L. Shanahan, *The High-Low Agreement*, For the Defense, July 1991, at 25; Leonard L. Finz, *The Hi-Lo Contract: A Trial by Chance*, 48 N.Y. St. B.J. 186 (1976).

[3] *See* Gross & Syverud, 44 UCLA L. Rev. at 61.

Even if the high-low agreement did not preclude Vollbrecht's Motion for Judgment as a Matter of Law, the motion could not be granted. The Agency Agreement does not explicitly or implicitly impair Secura's common law rights to indemnity and contribution from a negligent agent. The Agency Agreement authorized Commercial and its agents, such as Vollbrecht, to solicit insurance for Secura.

Under Minnesota law, the meaning and effect of an unambiguous contract is a matter of law for the court. *Porous Media Corp. v. Midland Brake, Inc.*, 220 F.3d 954, 959 (8th Cir. 2000); *Green Tree Acceptance, Inc. v. Wheeler*, 832 F.2d 116, 117 (8th Cir. 1987) (applying Minnesota law); *In re Turners Crossroad Dev. Co.*, 277 N.W.2d 364, 369 (Minn. 1979). In interpreting a contract, the language is to be given its plain and ordinary meaning. *Brookfield Trade Center, Inc. v. County of Ramsey*, 584 N.W.2d 390, 394 (Minn. 1998). A court must read contract terms in the context of the entire contract, interpreting the contract in a way that gives meaning to all its provisions. *Id.*

The plain and ordinary language of the Agency Agreement does not demonstrate a clear intent to extinguish Secura's common law rights of indemnity and contribution. Although one section of the Agency Agreement addresses specific situations in which Commercial would be entitled to indemnification from Secura, the contract does not regulate the indemnification rights of both parties in a comprehensive fashion. The Agency Agreement does not contain a "merger clause" or provision indicating that the terms of the contract govern all aspects of the business relationship. Absent an explicit relinquishment in the contract, Secura's common law rights remain intact. Vollbrecht's Motion for Judgment as a Matter of Law is denied.

Vollbrecht's Motion for a New Trial also must be denied. *See* Fed. R. Civ. P. 50(b)(1)(B); Fed. R. Civ. P. 59(a). Motions for a new trial are committed to the discretion of the district court. *See McDonough Power Equip. v. Greenwood*, 464 U.S. 548, 556 (1984). A denial of a motion for a new trial based on the sufficiency of the evidence is "virtually unassailable on appeal" and is disturbed only upon a finding of a clear abuse of discretion. *Czajka v. Black*, 901 F.2d 1484, 1485 (8th Cir. 1990). A court may not grant a motion for a new trial unless the verdict is against the great weight of the evidence and a new trial is necessary to prevent a miscarriage of justice. *See Denesha v. Farmers Ins. Exch.*, 161 F.3d 491, 497 (8th Cir. 1998); *Butler v. French*, 83 F.3d 942, 944 (8th Cir. 1996); *Pulla v. Amoco Oil Co.*, 72 F.3d 648, 656 (8th Cir. 1995). A court should grant a new trial only if it finds that an error "misled the jury or had a probable effect on its verdict." *E.I. Du Pont de Nemours v. Berkley & Co., Inc.*, 620 F.2d 1247, 1257 (8th Cir. 1980).

This Court has reviewed the evidence and its evidentiary rulings and concludes that a new trial is not warranted. Substantial evidence supports the jury's finding that Vollbrecht negligently misrepresented material facts to Secura. Testimony at trial indicated that Janet Tauer told Vollbrecht about some prior losses and then told him to ask Dale Tauer about other prior losses. These prior losses were not listed on the insurance application. The evidence also showed that Vollbrecht falsely represented to Secura that he submitted an insurance application signed by Dale Tauer. Furthermore, the admission of evidence relating to Vollbrecht's failure to have the insured sign the insurance application was relevant to Secura's negligence claim and was not unfairly prejudicial. Finally, the opinions of Secura's experts rested on reliable foundations and the admission of their testimony was consistent with Minnesota law.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Vollbrecht's Motion for Judgment as a Matter of Law and Motion for New Trial [Doc. No. 76] are **DENIED**; and

(2) Secura's Motion to Alter Judgment [Doc. No. 79] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: November 26, 2001